Nos. 25-1850, 25-1878

# United States Court of Appeals for the Federal Circuit

XIAOHUA HUANG,
*Plaintiff-Appellant,*

v.

TETRAMEM, INC.,
*Defendant-Cross-Appellant.*

_____

Appeal from the United States District Court for the Northern District of California, Case No. 5:24-cv-07181-PCP, Judge P. Casey Pitts

_____

**DEFENDANT-CROSS-APPELLANT TETRAMEM INC.'S COMBINED OPPOSITION TO PLAINITFF-APPELLANT'S MOTION TO EXTEND TIME AND MOTION TO DISMISS APPEAL**

Daniel N. Lerman
HERBERT SMITH FREEHILLS
KRAMER (US) LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
Telephone: (202) 775-4500

*COUNSEL FOR TETRAMEM INC.*

# **CERTIFICATE OF INTEREST**

Counsel for TetraMem Inc., certifies the following:

1. The full name of every entity represented by us is:

   TetraMem Inc.

2. The name of the real party in interest for the entity. Do not list the real party if it is the same as the entity:

   Not applicable.

3. All parent corporations and any other publicly held companies that own 10 percent or more of the stock of the party represented by me are listed below:

   TetraMem Holdings, Incorporation

4. The names of all law firms, and the partners or associates that have not entered an appearance in the appeal, and (a) appeared for the entity in the lower tribunal; or (b) are expected to appear for the entity in this court:

   James Hannah (Herbert Smith Freehills Kramer (US) LLP)

5. Other than the originating case number(s), the title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

   Not applicable.

6. All information required by Fed. R. App. P. 26.1(b) and (c) in criminal cases and bankruptcy cases.

   Not applicable.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: August 14, 2025 | By:  */s/ Daniel N. Lerman*<br>Daniel N. Lerman<br>HERBERT SMITH FREEHILLS KRAMER (US) LLP<br>2000 K Street NW, 4th Floor<br>Washington, D.C. 20006<br>Telephone: (202) 775-4500<br>Facsimile: (202) 775-4510<br>daniel.lerman@hsfkramer.com<br><br>*Counsel for Defendant-Cross-Appellant* TetraMem Inc. |

Defendant-Cross-Appellant TetraMem Inc. ("TetraMem"), opposes Plaintiff-Appellant Xiaohua Huang's ("Huang's") motion for an extension of time to file his opening brief, and moves to dismiss Huang's appeal on the ground that Huang failed to comply with Federal Rules of Appellate Procedure 26(b) and 31(c) and Federal Circuit Rules 26(b) and 31(d).

Huang's opening brief was due on August 11, 2025. Instead of filing his brief on that date, however, he filed a motion for an extension of time, to and including October 26, 2025, in which to file his brief. That extension request came too late—and is deficient in any event. This Court should therefore deny Huang's motion for an extension of time and dismiss his appeal for failure to prosecute.[1]

## BACKGROUND

1. This is an appeal from the district court's order granting TetraMem's motion to dismiss Huang's patent-infringement action against TetraMem (the "Order") (attached hereto as Exhibit A). On September 26, 2023, Huang filed a complaint alleging that TetraMem has infringed U.S. Patent No. RE45,259 (the "'259 patent"). On January 29, 2024, after amending the complaint, Huang voluntarily dismissed the action before the district court could decide TetraMem's then-pending motion to dismiss. Order at 1; see *Huang v. TetraMem Inc.*, No. 23-

---

[1] Pursuant to Federal Circuit Rule 27(a)(2), counsel for TetraMem asked Huang for his position regarding the motion to dismiss his appeal, but has not yet received a reply.

1

cv-04936.  Huang then filed (and later amended) another complaint against TetraMem, alleging similar infringement claims.  See Order at 1.  TetraMem moved to dismiss the amended complaint pursuant to Rule 12(b)(6) and for attorneys' fees and costs pursuant to Rule 11.  *Ibid*.

2.  The district court granted TetraMem's motion to dismiss.  It held that "Huang fails to state a claim for patent infringement under any theory because his infringement allegations—in addition to being confusing, often unintelligible, and punctuated by lengthy and irrelevant digressions—are conclusory and unsupported by any specific factual allegations showing why it is plausible that TetraMem's products infringe any of the '259 patent's claims."  Order at 4.

The court further denied Huang leave to amend.  "As other courts considering some of the at least 53 patent infringement cases Huang has filed in jurisdictions around the county have noted, Huang is a sophisticated pro se litigant, an engineer, and a business owner."  *Id.* at 5 (internal quotation marks omitted).  The district court thus concluded that "Huang's failure to clarify his pleadings despite extensive notice of their deficiencies and in light of his prior experience in patent litigation demonstrates that providing leave for further amendment would be futile."  *Id.* at 5-6.  The court accordingly dismissed the amended complaint with prejudice and without leave to amend.  *Id.* at 6.

The district court denied TetrMem's motion for attorneys' fees and costs. The court acknowledged that Huang has brought 53 other patent lawsuits, many of which resulted in judicial findings of bad-faith conduct. Order at 6. It further observed that Huang sent TetraMem's trial counsel two money orders for $1,000 each, accompanied by a note stating: "The enclosed is for you upfront, the other will be after the settlement." *Id.* at 7. Based on that conduct, along with Huang's litigation history, the district court found that "Huang's complaint certainly borders on frivolous or harassing." *Ibid*. "But," the court continued, "Huang's pro se status counsels in favor of resolving all doubts in his favor." *Ibid.* The court thus held that Huang's conduct did not warrant sanctions under Rule 11. *Ibid.*

3. Huang appealed the order dismissing his amended complaint, and TetraMem cross-appealed the district court's order denying sanctions.

Huang's opening brief was due on August 11, 2025. Dkt. 7. He did not file his brief on that date. Nor did he file a request for an extension of time "at least seven (7) days before the date sought to be extended," as required by Federal Circuit Rule 26(b)(1). Instead, he filed a motion for an extension of time on August 11—the date on which his opening brief was due. His extension motion stated that "[g]ood cause exists for this Court to grant Plaintiff Mr. Huang's motion to extend time" because he "is not able to do those task[s] because of [] personal reason[s]." Dkt. 8.

3

## ARGUMENT

This Court should deny Huang's motion for an extension of time and dismiss his appeal for failure to file his opening brief.

Federal Circuit Rule 26(b)(1) provides that "[a] motion to extend the time prescribed" by the Rules "must be made at least seven (7) days before the date sought to be extended, except that in extraordinary circumstances a motion may be made later than that deadline if accompanied by an affidavit or unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 that describes the extraordinary circumstances."

Huang did not file an extension motion seven days before his opening brief was due. Instead, he filed his motion on the same day that his brief was due. And Huang's motion does not describe any "extraordinary circumstances" justifying his failure to comply with that deadline—whether in a declaration, as required, or otherwise. See Fed. Cir. R. 26(b)(1). Instead, his motion simply states that "[g]ood cause" exists for the extension in light of "personal reason[s]." Dkt. 8 at 2. But that assertion (conclusory as it may be) goes only to the standard for granting a *timely* extension motion. See Fed. R. App. P. 26(b); Fed. Cir. R. 26(b)(1) and (b)(3).[2] It does not satisfy the "extraordinary circumstances" showing required for untimely

---

[2] Huang's extension motion also was not accompanied by a declaration showing good cause, as required for requests for extensions of more than 14 days. See Fed. Cir. R. 26(b)(3).

extension motions, like Huang's. This Court should therefore deny Huang's motion for an extension of time.

The Court should also dismiss Huang's appeal. Federal Rule of Appellate Procedure 31(c) provides that, [i]f an appellant fails to file a brief within the time provided by this rule, or within an extended time, an appellee may move to dismiss the appeal." And Federal Circuit Rule 31(d) provides that, "[i]f the appellant or petitioner fails to file a principal brief, the clerk of court is authorized to dismiss the case." Huang failed to file his principal brief by the date on which it was due. The Court should therefore dismiss his appeal.

The fact that Huang filed an extension motion does not alter that conclusion. The Practice Notes to Federal Circuit Rule 26 state that "an appeal will not be dismissed for failure to file appellant's brief if appellant's motion to extend the time for filing was filed and served at least seven (7) days before the due date for the brief, but the motion has not been acted on by the due date." But Huang did not file an extension motion at least seven days before the due date for the brief. And, for the reasons stated above, the Court should deny Huang's belated extension motion in any event.

Nor is there any reason for this Court to excuse Huang's default. As the district court found, Huang is a "sophisticated pro se litigant" with "prior experience in patent litigation," (Order at 5-6), and he is aware of the applicable rules of

5

appellate procedure (as reflected by his motion). What is more, Huang has already engaged in a pattern of vexatious and baseless litigation in this case. Indeed, the district court found that "Huang's complaint certainly borders on frivolous or harassing." *Id.* at 7. This is not the first such instance of such behavior. Huang has filed at least "53 patent infringement cases" in jurisdictions across the country; he has been sanctioned for "bad faith conduct" and "frivolous" allegations in some of those cases; and he has "consistently failed" to remedy the deficiencies in his claims in this case. Order 5, 6 (internal quotation marks omitted). There is no cause to grant Huang another do-over here. The Court should dismiss his appeal.

## CONCLUSION AND RELIEF SOUGHT

For the reasons stated, the Court should deny Huang's extension motion and dismiss his appeal, No. 25-1850. Further, if the Court grants the motion to dismiss Huang's appeal, TetraMem respectfully requests that the Court set a deadline for TetraMem's cross-appeal brief. See Fed. Cir. R. 31(a)(2); Fed. R. App. P. 28.1.

Respectfully submitted,

Dated: August 14, 2025            By: */s/ Daniel N. Lerman*
Daniel N. Lerman
HERBERT SMITH FREEHILLS
KRAMER (US) LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
Telephone: (202) 775-4500
Facsimile: (202) 775-4510
daniel.lerman@hsfkramer.com

*Counsel for Defendant-Cross-Appellant*
TetraMem Inc.

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2). The motion contains 1,378 words, excluding the parts of the motion exempted by Federal Circuit Rule 27(d) and Federal Rule of Appellate Procedure 27(a)(2)(B).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). The motion has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Dated: August 14, 2025                                  */s/ Daniel N. Lerman*
                                                                        Daniel N. Lerman